*950 OPINION.
Love :
The issue presented by this proceeding is whether the Commissioner erred in including in the gross estate of David W. Crews, the value at the time of his death of the land transferred by him on April 13,1912, to his sons, Frank H., Paul L., and Samuel T. Crews; his daughter Annie M. Syler, and his son, S. E. Crews, a trustee for his grandchildren, in all of which land the decedent reserved a life estate.
Petitioners contend that since the transfers of the land involved herein were made before the passage of the Revenue Act of 1918, that Act, so far as it requires the inclusion in the decedent’s gross estate of the land so transferred, contravenes the Constitution.
It is further contended by the petitioners that the land transferred does not constitute a part of the gross estate for the reason that the decedent had, prior to his death and prior to the passage of the Revenue Act of 1918, verbally relinquished his life estates in the transferred properties to the respective donees. With respect to this contention, the Commissioner takes the position that the alleged verbal relinquishments of the life estates were not valid transfers of those estates under the law of Texas.
The issue presented herein is concluded by the decision of the United States Supreme Court in the case of Nichols v. Coolidge, 274 U. S. 531, wherein it was stated:
This court has recognized that a statute purporting to tax may be so' arbitrary and capricious as to amount to confiscation and offend the Fifth Amendment. Brushaber v. Union Pacific R. R., 240 U. S. 1, 24; Barclay & Co. v. Edwards, 267 U. S. 442, 450; see also Knowlton v. Moore, 178 U. S. 41, 77. And we must conclude that section 402 (c) of the statute here under consideration, in so far as it requires that there shall be included in the gross estate the value *951 of property transferred by the decedent prior to its passage merely because the conveyance was intended to take effect in possession or enjoyment at or after his death, is arbitrary, capricious and amounts to confiscation.
It is unnecessary, therefore, to discuss petitioner’s contention as to the verbal relinquishments of the life estate.
Judgment will be entered for the petitioners.
Considered by Tkussell, Littleton, and Smith.